United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 07, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 23-30749 |
| HOT'Z POWER WASH, INC., § | |
| § | |
| Debtor. § | |
| § | |
| § | CHAPTER 11 |

## MEMORANDUM OPINION

In this subchapter V proceeding, Hot'z Power Wash, Inc. seeks confirmation of its proposed Subchapter V plan pursuant to 11 U.S.C. § 1191(a). Hot'z Power Wash, Inc.'s proposed subchapter V plan contains three impaired classes. Two impaired classes voted to accept the plan and one class did not vote. The United States Trustee raised two objections to consensual confirmation under § 1191(a), to wit: (1) Hot'z Power Wash, Inc.'s attempt to use a notice on the face of the plan to deem non-voting creditors as having accepted the plan violates Fed. R. Bankr. P. 3018(c) and (2) Hot'z Power Wash, Inc.'s alternative argument that the non-voting impaired class has implicitly accepted the plan contravenes § 1129(a)(8). On October 20, 2023, the Court held a final hearing on confirmation. For the reasons set forth *infra*, the Court finds that (1) the use of a notice on the face of the plan to deem non-voting creditors as having accepted the plan violates Fed. R. Bankr. P. 3018(c), and (2) while treating a non-voting impaired creditor class as having implicitly accepted the plan does violate § 1129(a)(8), the Court nonetheless holds that non-voting impaired creditor classes will not be counted for purposes of whether § 1129(a)(8) is satisfied. As such, the United States Trustee's objections are sustained in part and overruled in part, and Hot'z Power Wash, Inc.'s plan is confirmed under 11 U.S.C. § 1191(a).

## I. BACKGROUND

1. On March 5, 2023, ("*Petition Date*") Hot'z Power Wash, Inc. ("*Debtor*") filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code[1] initiating the bankruptcy case[2] ("*Bankruptcy case*").

2. On March 7, 2023, Jarrod B. Martin was appointed as the Subchapter V trustee[3] ("*Subchapter V Trustee*").

3. On June 5, 2023, Debtor timely filed its, "Plan of Reorganization for Small Business under Subpart V Chapter 11"[4] ("*Plan*").

4. On July 3, 2023, the Internal Revenue Service ("*IRS*"), objected to confirmation of Debtor's plan.[5]

5. On July 3, 2023, Debtor filed its, "Debtor's First Amended Plan of Reorganization for Small Business Under Subpart V Chapter 11"[6] ("*First Amended Plan*") and "Debtor's Second Amended Plan of Reorganization for Small Business Under Subpart V Chapter 11"[7] ("*Second Amended Plan*").

6. On July 7, 2023, the IRS filed its "Amended Objection to Confirmation of Plan" to Debtor's Second Amended Plan.[8]

7. On August 1, 2023, Debtor filed its, "Debtor's Third Amended Plan of Reorganization for Small Business Under Subpart V Chapter 11"[9] ("*Third Amended Plan*").

8. On September 12, 2023, Debtor filed its, "Debtor's Fourth Amended Plan of Reorganization for Small Business Under Subpart V Chapter 11"[10] ("*Fourth Amended Plan*").

9. On September 18, 2023, IRS filed its, "Objection to Confirmation of Plan"[11] ("*IRS Objection*") to Debtor's Fourth Amended Plan.

---

[1] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e.§) thereof refers to the corresponding section in 11 U.S.C.
[2] ECF No. 1.
[3] ECF No. 5.
[4] ECF No. 56.
[5] ECF No. 68.
[6] ECF No. 70.
[7] ECF No. 71.
[8] ECF No. 73.
[9] ECF No. 87.
[10] ECF No. 92.
[11] ECF No. 104.

10. On October 2, 2023, Debtor filed its, "Fifth Amended Plan of Reorganization for Small Business Under Subpart V Chapter 11"[12] ("*Fifth Amended Plan*").

11. On October 3, 2023, the IRS withdrew its IRS Objection.[13]

12. On October 13, 2023, the United States Trustee ("*UST*") filed its, "United States Trustee's Objections to Debtor's Plan of Reorganization Dated October 2, 2023"[14] ("*UST's Objection*").

13. On October 19, 2023, Debtor filed its "Debtor's Response to United States Trustee's Objections to Debtor's Plan of Reorganization Dated October 2, 2023."[15]

14. On October 19, 2023, the Subchapter V Trustee filed his, "Statement Regarding Plan Confirmation,"[16] and "Amended Statement Regarding Plan Confirmation."[17]

15. On October 20, 2023, the Court held a hearing ("*Hearing*") on UST's Objections and confirmation of Debtor's Fifth Amended Plan.[18]

## II.   JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11," and exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6.[19] Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[20] This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A) and (L), this proceeding contains core matters, as it primarily involves proceedings concerning the administration of Debtor's estate and plan confirmation.[21] This

---

[12] ECF No. 110.
[13] ECF No. 111.
[14] ECF No. 115.
[15] ECF No. 124.
[16] ECF No. 125.
[17] ECF No. 126.
[18] October 20, 2023 Min. Entry.
[19] *In re: Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[20] 28 U.S.C. § 157(a); *see also In re: Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[21] *See* 11 U.S.C. § 157(b)(2)(A), (L).

proceeding is also core under the general "catch-all" language because a confirmation hearing can only arise in the context of a bankruptcy case.[22]

This Court may only hear a case in which venue is proper.[23] 28 U.S.C. § 1408 provides that "a case under title 11 may be commenced in the district court for the district— in which the domicile, residence, [or] principal place of business…have been located for one hundred and eighty days immediately preceding such commencement."[24] Debtor's principal place of business was in Pasadena, Texas within Harris County,[25] 180 days immediately preceding the Petition Date, and therefore, venue of this proceeding is proper.[26]

While bankruptcy judges can issue final orders and judgments for core proceedings, absent consent, they can only issue reports and recommendations on non-core matters.[27] Here, the confirmation of a plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (L). As such, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order here.[28] Furthermore, this Court has constitutional authority to enter a final order because the parties have consented, impliedly if not explicitly, to adjudication of this matter

---

[22] *See Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under § 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.") (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)).
[23] 28 U.S.C. § 1408.
[24] *Id.*
[25] ECF No. 1.
[26] 28 U.S.C. § 1408.
[27] *See* 28 U.S.C. §§ 157(b)(1), (c)(1); *see also Stern v. Marshall*, 564 U.S. 462, 480 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938–40 (2015).
[28] *See, e.g., Badami v. Sears (In re AFY, Inc.)*, 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); *see also Tanguy v. West (In re Davis)*, No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' Stern expressly provides that its limited holding applies only in that 'one isolated respect' .... We decline to extend Stern's limited holding herein.") (citing *Stern*, 564 U.S. at 475, 503, 131 S.Ct. 2594).

by this Court.[29] The parties have engaged in motion practice in front of this Court and have never objected to this Court's constitutional authority to enter a final order or judgment in this case. These circumstances constitute implied consent. Thus, this Court wields the constitutional authority to enter a final order here.

### III. ANALYSIS

Pending before the Court are two matters: (A) UST's Objection to Debtor's Fifth Amended Plan[30] and (B) confirmation of Debtor's Fifth Amended Plan.[31] Debtor seeks confirmation of its proposed Subchapter V plan pursuant to 11 U.S.C. § 1191(a).[32] Debtor's proposed subchapter V plan contains three impaired classes.[33] Class 1 is a secured claim of SOS Capital, class 2 is a secured claim of the IRS, and class 3 consists of unsecured creditors.[34] Classes 1 and 3 voted to accept the plan, and class two did not vote.[35] The Court will address each matter in turn.

**A. UST's Objections to Debtor's Fifth Amended Plan**

The UST raises two objections to consensual confirmation of Debtor's Fifth Amended Plan, to wit: (1) Debtor's attempt to use a notice on the face of the plan to deem non-voting creditors as having accepted the plan violates Federal Rule of Bankruptcy Procedure ("*Bankruptcy Rule*") 3018(c) and (2) Debtor's alternative argument that the non-voting impaired class has implicitly accepted the plan contravenes § 1129(a)(8).[36] The UST also objected, in the alternative,

---

[29] *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 684 (2015) ("Sharif contends that to the extent litigants may validly consent to adjudication by a bankruptcy court, such consent must be expressed. We disagree. Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent . . ..").
[30] ECF No. 115.
[31] ECF No. 110.
[32] ECF No. 110; ECF No. 124.
[33] ECF No. 110 at 5-6.
[34] *Id.*
[35] ECF No. 110 at 3.
[36] ECF No. 115.

that Debtor's Fifth Amended Plan was not fair and equitable pursuant to § 1191(b) were the plan to be confirmed as a nonconsensual plan.[37] However, this objection was withdrawn at the Hearing.[38] The Court will consider each of UST's remaining objections in turn.

### 1. Whether Debtor can use a notice on the face of the Fifth Amended Plan to deem non-voting creditors as having accepted the plan

UST contends that Debtor's use of a bolded disclaimer on the face of the plan to deem non-voting creditors as having accepted the plan contravenes Bankruptcy Rule 3018(c).[39] Debtor contends that Bankruptcy Rule 3018(c) is inapplicable in Subchapter V because in a Subchapter V case only the debtor may file a plan and the language of Bankruptcy Rule 3018(c) contemplates non-debtor entities also filing plans, thus making it only applicable in traditional Chapter 11.[40]

Bankruptcy Rule 3018(c) provides:

> An acceptance or rejection shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent, and conform to the appropriate Official Form. If more than one plan is transmitted pursuant to Rule 3017, an acceptance or rejection may be filed by each creditor or equity security holder for any number of plans transmitted and if acceptances are filed for more than one plan, the creditor or equity security holder may indicate a preference or preferences among the plans so accepted.[41]

First, the Court quickly dispenses with Debtor's argument that Bankruptcy Rule 3018(c) is inapplicable to Subchapter V proceedings. Bankruptcy Rule 3018 is a rule of general applicability and Debtor cites no authority for the proposition that it is inapplicable in Subchapter V.[42] Furthermore, the plain language of the rule merely provides that an acceptance or rejection may

---

[37] ECF No. 115.
[38] October 20, 2023 – Courtroom Hearing (Closing Argument).
[39] ECF No. 115 at 2.
[40] ECF No. 124 at 3.
[41] FED. R. BANKR. P. 3018(c).
[42] *See* ECF No. 124 at 3.

be filed for each plan transmitted.[43] Multiple plans may be filed in Subchapter V even though only the Debtor may file a plan.[44] Thus, Debtor's argument is without merit.

Next, the Court agrees with the UST that Bankruptcy Rule 3018(c) precludes the use of plan language to deem non-voting creditors as having accepted the plan.[45]

In *In re Bressler*, this Court concluded when analyzing the interplay between Bankruptcy Rule 3018(c) and § 1126(c) that failure to cast a written vote constitutes neither acceptance nor rejection of the plan, and "nonvotes do not satisfy the language of § 1126(c) and thus, do not count toward the numerosity requirements."[46] Debtor's attempt to treat non-votes as having accepted the plan directly contravenes this holding.[47]

Accordingly, the UST's objection that Debtor's attempt to use a notice on the face of the plan to deem non-voting creditors as having accepted the plan violates Bankruptcy Rule 3018(c) is sustained. The following language found on the first page of Debtor's Fifth Amended Plan, "If you do not vote, you will be deemed to have accepted the Plan,"[48] is struck.

The Court will next consider UST's objection that Debtor's alternative argument, that the non-voting impaired class has implicitly accepted the plan, contravenes § 1129(a)(8).

### 2. Whether treating a non-voting impaired class as having implicitly accepted the plan contravenes § 1129(a)(8)

Next, UST asserts that Debtor's alternative argument, that the non-voting impaired class has implicitly accepted the plan, contravenes § 1129(a)(8).[49] Specifically, UST argues that the

---

[43] FED. R. BANKR. P. 3018(c) ("If more than one plan is transmitted pursuant to Rule 3017….").
[44] *See* 11 U.S.C. 1193(a) ("The debtor may modify a plan at any time before confirmation….").
[45] ECF No. 115 at 2.
[46] *Bressler*, 2021 Bankr. LEXIS 64 at *7; *In re Dernick*, 624 B.R. 799 (Bankr. S.D. Tex. 2020).
[47] *Bressler*, 2021 Bankr. LEXIS 64 at *7; *see also* 11 U.S.C. § 1126(c).
[48] ECF No. 110 at p. 1.
[49] ECF No. 115 at 1-2.

plain language of § 1129(a)(8) requires that every impaired class affirmatively vote to accept the plan.[50] Debtor argues that a non-voting class should be deemed an implicit acceptance by that class.[51] Debtor further contends that UST's argument is untenable because it entirely precludes the possibility of consensual confirmation pursuant to § 1191(a) in situations where an impaired creditor class fails to cast a ballot.[52] Debtor further notes that UST's argument is even more inequitable in a situation such as here where Debtor was informed by the IRS that it has an internal policy of not voting on Chapter 11 plans.[53]

Subchapter V plans may only be confirmed pursuant to § 1191(a) if all the requirements of § 1129(a), other than paragraph (15) are met.[54] Section 1129(a)(8) provides, *inter alia*, that a plan can only be confirmed if "[w]ith respect to each class of claims or interests . . . such class has accepted the plan."[55] Section 1126 governs acceptance of a plan by a creditor, providing that the holder of a claim "may accept or reject a plan"[56] and Rule 3018(c) requires such acceptances or rejections to be in writing.[57] Section 1126 also enumerates who may vote on a plan and the numerosity and debt thresholds that must be met for a class to accept a plan for purposes of § 1129(a)(8).[58]

As discussed *supra*, this Court held in *In re Bressler* that failure to cast a written vote constitutes neither acceptance nor rejection of the plan, and "nonvotes do not satisfy the language of § 1126(c) and thus, do not count toward the numerosity requirements."[59] As such, Debtor's

---

[50] ECF No. 115 at 1-2.
[51] ECF No. 124 at 3.
[52] October 20, 2023 – Courtroom Hearing (Closing Argument).
[53] October 20, 2023 – Courtroom Hearing (Closing Argument).
[54] 11 U.S.C. § 1191(a).
[55] 11 U.S.C. § 1129(a)(8).
[56] 11 U.S.C. § 1126(a).
[57] *In re Bressler*, 2023 Bankr. LEXIS 64, at *6 (Bankr. S.D. Tex. 2021).
[58] *Bressler*, 2021 Bankr. LEXIS 64 at *6.
[59] *Id.* at *6-7.

attempt to treat a non-voting class as having implicitly accepted the plan similarly also contravenes this holding.[60] However, while a nonvote cannot be construed as an acceptance, the Code is also silent on the correct treatment of a nonvoting class and this issue was not directly addressed in this Court's *Bressler* opinion.[61]

The treatment of a non-voting creditor class is an issue of significant disagreement amongst bankruptcy courts, even amongst those in this district.[62] Courts have generally followed one of three approaches when presented with a plan in which there is a non-voting impaired creditor class: (a) a nonvoting class is deemed to have accepted the plan for purposes of § 1129(a)(8);[63] (b) a nonvoting class is deemed to have rejected the plan for purposes § 1129(a)(8);[64] and (c) a nonvoting class is not counted for purposes of § 1129(a)(8).[65] The Court will consider each approach in turn.

### a. Whether a nonvoting class should be treated as having accepted the plan

The Tenth Circuit in *In re Ruti-Sweetwater, Inc.* concluded that when no vote is cast in an impaired class that the class should be deemed to have implicitly accepted the plan.[66] Largely looking to congressional history, the court in *Ruti-Sweetwater* noted that the pre-1978 bankruptcy act expressly provided that a failure to vote was deemed a rejection of the plan.[67] This provision

---

[60] *Id.*
[61] *Id.* at *6.
[62] *See e.g. In re Cypresswood Land Partners, I*, 409 B.R. 396, 430 (Bankr. S.D. Tex. 2009) (adopting the logic that non-voting creditors had consented to the debtor's plan and that their inaction amounted to a deemed acceptance); *In re Castaneda*, No. 09-50101, 2009 Bankr. LEXIS 3591, 2009 WL 3756569, at *2 (Bankr. S.D. Tex. Nov. 2, 2009) (adopting the logic that non-voting creditors were presumed to reject a debtor's plan).
[63] *In re Cypresswood Land Partners, I*, 409 B.R. 396, 430 (Bankr. S.D. Tex. 2009).
[64] *In re Castaneda*, No. 09-50101, 2009 Bankr. LEXIS 3591, 2009 WL 3756569, at *2 (Bankr. S.D. Tex. Nov. 2, 2009).
[65] *In re Franco's Paving LLC*, 2023 Bankr. LEXIS 2505, at *7-8 (Bankr. S.D. Tex. October 5, 2023).
[66] 836 F.2d 1263 (10th Cir. 1988).
[67] *Id.* at 1267.

was removed when the Code was passed in 1978.[68] Thus, the court in *Ruti-Sweetwater* held that non-voting, non-objecting creditors will be deemed to have implicitly accepted the plan.[69] The court further reasoned that if it were to hold otherwise the debtor would be placed in the position of refuting hypothetical objections and both the debtor and bankruptcy court should not be burdened with hypothetical objections that apathetic or careless creditors do not advance themselves.[70]

In *In re Cypresswood Land Partners*, a Southern District of Texas Bankruptcy Court adopted the Tenth Circuit's reasoning, finding that:

> regarding non-voters as rejecters runs contrary to the Code's fundamental principle, and the language of section 1126(c), that only those actually voting be counted in determining whether a class has met the requirements, in number and amount, for acceptance or rejection of a plan, and subjects those who care about the case to burdens (or worse) based on the inaction and disinterest of others.[71]

Although some courts have agreed with *Ruti-Sweetwater*, including a court in this district, most agree that a nonvote cannot be construed as an implicit acceptance.[72] As discussed *supra*, and as discussed in greater detail in this Court's *Bressler* opinion, this Court also agrees that a nonvoting creditor class cannot be deemed to have implicitly accepted the plan.[73] Notwithstanding the change in the law when the Code was enacted in 1978 as highlighted by the *Ruti-Sweetwater* court, the interplay between the language of § 1126, Bankruptcy Rule 3018(c), and the applicable

---

[68] *Id.* at 1267; (citing H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 410 (1977)).
[69] *Id.*
[70] *Heins v. Ruti-Sweetwater (In re Sweetwater)*, 57 B.R. 748, 750 (D. Utah 1985).
[71] 409 B.R. at 430; (quoting *In re Adelphia Comm. Corp.*, 368 B.R. 140, 261-62 (Bankr. S.D.N.Y. 2007).
[72] *See e.g.*, *In re M. Long Arabians*, 103 B.R. 211 (B.A.P. 9th Cir. 1989); *see also In re Vita Corp.*, 358 B.R. 749, 751-52 (Bankr. C.D. Ill. 2007), *aff'd*, 380 B.R. 525, 528 (C.D. Ill. 2008); *In re 7th Street and Beardsley P'ship*, 181 B.R. 426 (Bankr. D. Ariz. 1994); *In re Townco Realty, Inc.*, 18 C.B.C.2d 13, 81 B.R. 707 (Bankr. S.D. Fla. 1987) (section 1126(c) and Bankruptcy Rule 3018 require express acceptance).
[73] *In re Bressler*, 2021 Bankr. LEXIS 64 at *6-7.

congressional history as discussed in *Bressler* clearly prohibits treating a nonvoting class as accepting the plan.[74]

The Court will next consider if a nonvoting class should be treated as having rejected the plan.

### b. Whether a nonvoting class should be treated as having rejected the plan

Among the courts that have rejected the holding of *Ruti-Sweetwater* and its progeny, the unanimous conclusion is that a Debtor is then unable to satisfy § 1129(a)(8) and must proceed with a cramdown pursuant to § 1129(b) or § 1191(b) as applicable.[75] The UST agrees with this approach.[76] In reaching this conclusion, courts frequently, without providing critical analysis, assume that a nonvote should be treated as a rejection for purposes of § 1126(c) thus resulting in a rejecting class for purposes of § 1129(a)(8).[77]

This Court disagrees. As discussed *supra*, acceptances *and rejections* must satisfy the formality requirements in Bankruptcy Rule 3018(c) to be counted.[78] Furthermore, as discussed in greater detail *infra*, the calculation mandated by § 1126(c) as applied to a nonvoting class creates a mathematically undefined result that cannot be construed as a rejection of the class.[79] As such, the Court rejects the argument that a nonvoting class should be deemed to have rejected the plan.

---

[74] *See id.*; (citing S. Rep. No. 95-989 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5909).
[75] *See e.g. In re M. Long Arabians*, 103 B.R. 211 (B.A.P. 9th Cir. 1989); *In re Higgins Slacks Co.*, 178 B.R. 853, 857 (Bankr. N.D. Ala. 1995); *In re Townco Realty, Inc.*, 18 C.B.C.2d 13, 81 B.R. 707, 708 (Bankr. S.D. Fla. 1987).
[76] October 20, 2023 – Courtroom Hearing (Closing Argument).
[77] *See e.g.*, *In re Friese*, 103 B.R. 90, 92 (Bankr. S.D.N.Y. 1989); *Bell Road Inv. Co. v. M. Long Arabians (In re M. Long Arabians)*, 103 B.R. 211, 216 (B.A.P. 9th Cir. 1989); *In re Trenton Ridge Investors, LLC*, 461 B.R. 440, 456–58 (Bankr. S.D. Ohio 2011); *In re Vita Corp.*, 380 B.R. 525, 528 (C.D. Ill. 2008); *In re Castaneda*, 2009 Bankr. LEXIS 3591 (Bankr. S.D. Tex. Nov. 2, 2009); *In re 7th Street and Beardsley P'ship*, 181 B.R. 426 (Bankr. D. Ariz. 1994); *In re Townco Realty, Inc.*, 18 C.B.C.2d 13, 81 B.R. 707, 708 (Bankr. S.D. Fla. 1987); *see also Castaneda*, 2009 Bankr. LEXIS 3591 at *7 ("an impaired creditor who does not vote is not deemed to have accepted a plan").
[78] FED. R. BANKR. P. 3018(c).
[79] *See In re Franco's Paving* LLC, 2023 Bankr. LEXIS 2505 at *4-5.

The Court next considers whether a nonvoting class should not be counted for purposes of § 1129(a)(8).

### c. Whether a nonvoting class can be ignored for purposes of § 1129(a)(8)

Recently, a Southern District of Texas Bankruptcy Court in *In re Franco's Paving LLC* concluded that a nonvoting class should not be counted for purposes of § 1126 and plan confirmation.[80] Specifically, the court found that a nonvoting class renders the mathematical calculation required by § 1126(c) as impossible to calculate.[81] The court held that the indeterminate result obtained by dividing zero by zero was absurd and could not have been intended by Congress.[82] Analyzing the congressional history, the court concluded that when § 1126 was passed Congress presumed the existence of at least one vote in each class.[83] The UST asserted in closing argument that the computation used in *Franco's Paving* is incorrect and § 1126(c) is determinate when no votes are cast in a class because the second prong of § 1126(c) fails, and therefore a rejection of the class can be inferred.[84]

The Court rejects the equation offered by the UST.[85] The mathematical calculation required by § 1126(c) requires that the number of accepting votes be divided by total votes cast in a class.[86]

---

[80] *Id.*

[81] *Id.* ("the computation required under § 1126(c) is represented as follows: A/B > 50.00% where A = Number of claims in the class that vote for the plan B = Number of claims in the class that vote and C/D ≥ 66.67% where C = Dollar amount of claims in the class that vote for the plan D = Dollar amount of claims in the class that vote…when no creditor votes, both computations become 0/0 = E (where E is simply the quotient) and when applying mathematical principles, E can be any number and is therefore indeterminate or undefined. Thus, the calculation cannot be performed…attempting to do what the laws of mathematics prohibit is an absurd proposition and could not have been intended when Congress enacted the current version of § 1126.").

[82] *Id.*

[83] *Id.* at *7-8.

[84] Specifically, UST compared $0 accepting with 1/2 of 0+0 and concluded that 0 accepting is not greater than a total of 0.

[85] UST's equation assumes that 0/0 becomes 0, however the result of that computation cannot be completed.

[86] *See e.g. In re Dernick*, 624 B.R. 799, 814 (Bankr. S.D. Tex. 2020) (calculating a traditional voting class pursuant to § 1126(c)).

As discussed, nonvotes are not counted pursuant to Bankruptcy Rule 3018(c).[87] Because nonvotes are not counted, a class of nonvotes results in the mathematical calculation of 0/0, an unsolvable and undefined quotient.[88]

Furthermore, as discussed in *Bressler*, the legislative history of § 1126 provides:

> A class of creditors has accepted a plan if at least two-thirds in amount and more than one-half in number of the allowed claims of the class that are voted are cast in favor of the plan. The two-thirds and one-half requirements are *based on a denominator* that equals the amount or number of claims that have actually been voted for or against the plan, rather than the total number and amount of claims in the class, as under current chapter X.[89]

The equation utilized in *Franco's Paving* is derived from the same legislative history and supports this Court's prior holding in *Bressler*.[90] The Supreme Court has routinely held that the plain meaning of legislation should be conclusive unless literal application of a statute "is so bizarre that Congress could not have intended it."[91] However, the Fifth Circuit has cautioned that courts must distinguish between "a result that is actually 'absurd'" and one that "is simply personally disagreeable."[92]

This Court concludes, similar to the court in *In re Franco's Paving LLC*, that the result of a § 1126(c) computation for a nonvoting class is absurd, unsolvable, and was not contemplated by Congress.[93] Furthermore, as discussed *supra*, treating a nonvoting class as having implicitly

---

[87] *In re Bressler*, 2021 Bankr. LEXIS 64 at *7.
[88] *See id.*; *In re Franco's Paving* LLC, 2023 Bankr. LEXIS 2505 at *5 n.2.
[89] 2021 Bankr. LEXIS 64 at *7; (citing S. Rep. No. 95-989 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5909 (emphasis added)).
[90] 2023 Bankr. LEXIS 2505 at *4-5 n.1.
[91] *Demarest v. Manspeaker*, 498 U.S. 184, 190 (1991) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982)) (citations omitted); *see also United States v. Rodriguez-Rios*, 14 F.3d 1040, 1044 (5th Cir. 1994) (en banc) ("We are authorized to deviate from the literal language of a statute only if the plain language would lead to absurd results, or if such an interpretation would defeat the intent of Congress.").
[92] *Johnson v. Sawyer*, 120 F.3d 1307, 1319 (5th Cir. 1997).
[93] 2023 Bankr. LEXIS 2505 at *7-8.

accepted or rejected the plan is prohibited by the Code and applicable rules.[94] Thus, since the application of the mathematical calculation in § 1126(c) is absurd as applied to a nonvoting class, and because the Code is silent on the correct treatment of a nonvoting class, this Court is left with only one option: when an impaired class of creditors fails to cast a ballot, that class will not be counted for purposes of whether § 1129(a)(8) is satisfied.[95]

Furthermore, were this Court to alternatively hold, as the UST suggests, that nonvoting classes of impaired creditors should be treated as having rejected the plan, not only would it contravene Bankruptcy Rule 3018(c) and § 1126(c) as discussed *supra*, it would run contrary to the policy goals behind Subchapter V.[96] Debtors and creditors alike would be forced to shoulder the additional administrative burdens and expenses associated with cramdown merely because a creditor class was negligent or apathetic about asserting their rights.[97] However, Congress clearly articulated a preference for consensual plans confirmed under §1191(a).[98] Allowing creditors' silence to force nonconsensual plans, especially as is the case here where a non-voting class is willfully withholding its vote, defeats the overarching policy preferences of Subchapter V.[99]

---

[94] 11 U.S.C. § 1126(a); FED. R. BANKR. P. 3018(c).
[95] While the Code does allow for a nonconsensual plan to be confirmed if creditor classes reject the plan, the Court cannot presume a rejection any more than it can presume an acceptance by a nonvoting class. Both outcomes directly contradict Bankruptcy Rule 3018(c) and § 1126(a) whereas alternatively, not counting a nonvoting creditor class does not contravene Bankruptcy Rule 3018(c) and is supported by the legislative history of § 1126(c).
[96] *In re Free Speech Sys., LLC*, 649 B.R. 729, 734 (Bankr. S.D. Tex. 2023) ("Subchapter V is a streamlined chapter 11 process and a debtor has to work from the outset to try to achieve a consensual plan.").
[97] *In re Adelphia Communs. Corp.*, 368 B.R. 140, 261 (Bankr. S.D.N.Y. 2007) ("Regarding non-voters as rejecters runs contrary to the Code's fundamental principle, and the language of section 1126(c), that only those actually voting be counted in determining whether a class has met the requirements, in number and amount, for acceptance or rejection of a plan and subjects those who care about the case to burdens (or worse) based on the inaction and disinterest of others. A holding to the contrary would mean that a failure to vote isn't relevant in a case where anyone else in that class votes, but is enough to force cramdown if the lack of interest in that class is so extreme that nobody at all chooses to vote, one way or the other…a principle upon which the bankruptcy community often relies, as creditor democracy could otherwise be frozen as a consequence of the disinterest of others.").
[98] S*ee* 11 U.S.C. § 1183(b)(7) ("facilitate the development of a consensual plan"); *In re Ozcelebi*, 639 B.R. 365, 381 (Bankr. S.D. Tex. 2022) (this duty is "unique" to a subchapter V trustee).
[99] *See* 8 COLLIER ON BANKRUPTCY P 1180.01 ("Small business enterprises historically have had difficulty reorganizing in chapter 11 for a number of reasons, including chapter 11's exorbitant administrative costs, hard to

Accordingly, UST's objection to Debtor's alternative argument that a non-voting impaired class has implicitly accepted the plan contravenes § 1129(a)(8) is sustained, but UST's overarching objection that Debtor's Fifth Amended Plan cannot be confirmed pursuant to § 1191(a) is overruled.

### B. Confirmation of Debtor's Fifth Amended Plan

On October 5, 2023, Debtor filed its Fifth Amended Plan and now seeks confirmation from this Court.[100] Under § 1191(a), a debtor must satisfy all of the requirements of § 1129(a) other than paragraph (15) of that section.[101] In accordance with the discussion *supra*, Class 2 did not vote, and as such will not be counted for purposes of § 1129(a)(8).[102] All other impaired classes voted to accept the plan.[103] Therefore § 1129(a)(8) is satisfied.[104] Furthermore, the Court finds that all other requirements pursuant to § 1191(a) have been satisfied.

Accordingly, the Court confirms the Debtor's plan pursuant to § 1191(a).

### IV. CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

---

achieve confirmation requirements, and excessive creditor influence over the confirmation process. The Small Business Reorganization Act of 2019 enacted subchapter V of chapter 11 to govern reorganizations of eligible smaller businesses that elect its application to eliminate those obstacles …. [s]everal subchapter V provisions encourage consensual plans of reorganization."); *but see* § 1129(a)(10) (The Code contemplates at least one impaired vote must accept under § 1129(a)(10). If no class voted, § 1129(a)(10) could not be satisfied).
[100] ECF No. 110.
[101] 11 U.S.C. § 1191(a).
[102] *See e.g.*, *In re Franco's Paving* LLC, 2023 Bankr. LEXIS 2505 at *8.
[103] ECF No. 120.
[104] *In re Franco's Paving* LLC, 2023 Bankr. LEXIS 2505 at *8.

SIGNED November 7, 2023

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge